### WARREN *v.* AUDITOR GENERAL.

TAXATION—JUDGMENTS—COLLATERAL ATTACK.

Where, on petition of a landowner in a tax proceeding by the auditor general, a decree was made releasing the lands from the lien of the State on the payment of certain taxes and a fee of $1 for each description, and setting aside all other expenses and charges, such decree was binding upon the State on collateral attack, even though section 59 of the tax law (Act No. 262, Pub. Acts 1899) may provide for a charge of $1 for each description for each year that the lands are delinquent.

*Mandamus* by Willard T. Warren, treasurer of Montmorency county, to compel Perry F. Powers, auditor general, to expunge a certain charge against the county. Submitted June 17, 1902. (Calendar No. 19,366.) Writ granted June 24, 1902.

*H. K. Gustin*, for relator.

*Horace M. Oren*, Attorney General (*Charles W. McGill*, of counsel), for respondent.

MONTGOMERY, J.   In various cases in the circuit court for the county of Montmorency, wherein the Richardson Lumber Company, the Huron Land Company, Limited, and Thomas S. Sprague filed petitions in the original proceedings in the matter of the petition of the auditor general for the sale of certain lands for the taxes assessed thereon, the circuit judge of Montmorency county made decrees by which the lands were to be released from the lien of the State upon the payment of certain taxes thereon, together with the sum of $1 for each description of land appearing in said petitions, which sum, it was declared, should become a part of the general fund of the State.   All other expenses and charges against said lands were set aside. It appears that the Richardson Lumber Company, the Huron Land Company, Limited, and Thomas S. Sprague paid the amounts decreed against the lands, including the sum of $1 for each description, to the county treasurer, who issued receipts therefor.   The auditor general, on receiving the report of the county treasurer, claimed that, in addition to the amounts collected, there should have been collected the sum of $1 for each description for each year during which the lands were delinquent, making a total difference of $322, which he charges to the county of Montmorency, and proposes to deduct from the amount owing by the State to the county.   This application is for *mandamus* to require an adjustment between the State and the county upon the basis of the decree.

The respondent contends that the circuit judge had no jurisdiction to make such an order, for the reason that secton 59 of the tax law (Act No. 262, Pub. Acts 1899), it is contended, provides for an expense charge of $1 for each description for each year that the lands are delinquent; and therefore, it is said, as the statute fixes this charge, the circuit judge was without jurisdiction to set it aside, and to permit a redemption from the tax list without the payment of this sum.   If it were urged to us that the circuit court erred in his decree, and if this were a proceeding brought to review that action directly, there might be

force in this contention.  But there is a wide distinction between a judgment of a court which is simply erroneous, and a judgment passed without jurisdiction of the subject-matter.  It will not do to say that, because a decree or a judgment is wrong, in so far as it is an error the court proceeded without jurisdiction.  Such a rule would leave nothing settled by adjudication, and such is not the law. See Wells, Res Adj. §§ 479, 480.  The court having determined this question in a proceeding in which jurisdiction is distinctly conferred upon the court, his decree must be held to conclude all parties to the proceeding; and it follows that the county is not chargeable with the sum uncollected, and which, under the decree, its treasurer had no authority to collect.

The *mandamus* will issue as prayed.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.